# In the United States Northern District Court of Ohio
## 801 West Superior Avenue Cleveland, Ohio 44113

FILED

2018 FEB 2 PM 4:18

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| Cortez Davis | 42. U.S.C. 1983 |
| 1545 West 25th Street | Civil Rights Complaint |
| Cleveland, Ohio 44113 | Invoke all Common law rights |
| Apt 217 | |
| Plaintiff/Sui Juris | United States Northern District |
| Vs | Court of Ohio |
| Northern dist. Court of Ohio | Case No. 1:18 CV 271 |
| Cleveland Police Department | Jury Trial Demand |
| Cleveland Municipal Court | Invoke All Common law Rights |
| County Jail | |
| Court of Common Pleas | JUDGE BOYKO |
| 8th Dist Court of Appeals | MAG. JUDGE BAUGHMAN |
| All employee Staff, Agents Servants /Defendants | |

Local governments have no immunity from damages flowing from
Their constitutional violations, and may not assert the good faith
Of its agents as a defense to liability. Local governments are left
In the unique and unhappy situation of being subject to suit
Without the benefit of any form of immunity.

United States Northern District Court of Ohio
801 West Superior Avenue
Cleveland, Ohio 44113

# Statement of the case and facts

On or about this day of July 4th 2016 my car was parked on
Lakeside Avenue across the street from 2100 men's shelter. I
Was setting off fireworks outside my vehicle. Police drove up
On me, Cleveland police department officers started
Questioning me about setting off firecrackers. Without reading
Me my Miranda warning rights. I asked for a citation? He refuse
To do it, they asked me is there anything inside the car? I said
Yes! Police officers began to search my car and they found my
Gun inside the glove compartment in my car they asked me
Where is your ccw permit? I said I don't have it at this time, im
The gun owner. Police then place me in handcuffs put me inside
The police car read me my Miranda rights while in the police
Car. They drove me to the Cleveland city jail where I was
Booked in.

1

I spent 3 days in the Cleveland city jail without a criminal

Complaint ever being filed I went to arraignment court without

Attorney present on July 7th and was released the same day.

And my car was never released back to me. On or about this

Day of august 26, 2016 I was driving my car. Police drove up

Behind me, pulled me over, police said I had a warrant out for

Your arrest because I missed arraignment. Police asked me can

They search my car? I said no. the police place me in handcuffs

Put me in police car and drove me to the Cuyahoga county jail.

Where I was booked in. I was housed in the Cuyahoga County

Jail. About 5 months before I went to my jury trial on January

30th it lasted 3 days. The jury found me guilty on all charges. I

Was sentenced to time served. I was released February 2, 2017.

About a week later I checked my court docket online I saw a

Journal entry from judge Cassandra collier-Williams stating, the

Cleveland police department is ordered to return to defendant

His vehicle

2

[Grey 2008 ford Windstar, se sport; license plate: guv 3973; VIN #2FMZA57481BA07302] that was seized in this matter. If the Vehicle is at an impound lot the Cleveland police department is Ordered to locate the vehicle to the defendant. All fees and Cost charged by the impound lot and/or the city of Cleveland Police department, including storage and towing fees are Hereby ordered waived and suspended. So ordered 02/03/17. I went down to Newburgh heights police station, officer told Me once they got my car another company picks it up after a Certain amount of days. I've found out my car was under Unlawful investigation an then crushed. I never ever received My car back to me as Cassandra collier-William ordered. See Exhibit (Z)

On 5-1-2017, I Cortez Davis was at the clerk of court in Cuyahoga County received copy of capias on indictment Without complaint attached issue date 8-23-2016, without Judge signature or magistrate signature.

3

The Cleveland police department officers, Cleveland city jail,

Common pleas court, staff, employees, and agents willingly

Knowingly violated the following laws: Ohio constitution.

Article I. section 14, Ohio constitution. Article I. section 10,

4th, 5th, 6th, 14th article. 6. Cl. 2, oath of office 323, and R.c.

124,34. Sham legal process.

4

Memorandum to support 1983 civil rights complaint:

On July 4th 2016, Cleveland police department officers drove up
On me while I was setting off fireworks, the officers started
Questioning me about setting off fire crackers without reading
Me the Miranda warning rights, violation of the 5th
Amendment, Ohio constitution. Article I. section 1,. I asked for
A citation? He refuse to do it, they asked me is there anything
Inside the car? I said yes! Police officers began to search my car
And they found my gun inside the glove compartment in my
Car they asked me where is your ccw permit? Violation of Ohio
Constitution. Article I. section. 1, 4th amendment. They drove
Me to the Cleveland city jail where I was booked in. I spent 3
Days in the Cleveland city jail without a criminal complaint ever
Being filed. Violation of criminal rules 1, and 3. Where I was
Booked in. I went to arraignment court without
Attorney present on July 7th and was released the same day.
Violation of Ohio constitution article I. section 1, Ohio.
Constitution. Article. I. section. 10, 6th amendment, and 12 hour
Rule.

5

On or about this day of august 26, 2016 I was driving my
Car. Police drove up behind me, pulled me over, police said I
Had a warrant out for your arrest because I missed
Arraignment. Police asked me can they search my car I said no.
Police searched my car anyway. Police found my box of rounds
I owned. . Violation of Ohio constitution article I. section. 14,
4th amendment. The police place me in handcuffs put me in
Handcuffs put me in police car and drove me to the Cuyahoga
County jail. Where I was booked in the Cuyahoga county jail.
About 5 months before I went to my jury trial on January 30th
It lasted 3 days. The trial court proceeded to trial without
Jurisdiction abinitio, without jurisdiction over any subject
Matter abinitio, and without subject matter jurisdiction
Abinitio. The jury found me guilty on all charges. I was
Sentenced to time served. I was released February 2, 2017.
Jury found me guilty when no criminal complaint was never
Filed, and crime never existed. About a week later I checked my
Court docket online I saw a journal entry from Judge Cassandra
Collier-Williams stating the Cleveland police department is
Ordered to return to                    6

Defendant his vehicle [grey 2008 ford Windstar, se sport;
License plate: guv 3973; VIN # FMZA57481BA07302] that was
Seized in this matter. If the vehicle is at an impound lot the
Cleveland police department is ordered to locate the vehicle
To defendant. All fees and cost charged by the impound lot the
Cleveland police department is ordered to locate the vehicle to
The defendant. All fees and cost charged by the impound lot
And/or the city of Cleveland police department, including
Storage and towing fess are hereby ordered waived and
Suspended. So ordered. 02/03/17. I went down to Newburgh
Heights police station, officer told me once they got my car
Another company picks it up after a certain amount of days.
I've found out my car was under unlawful investigation, an
They crushed my car. I never ever received my car back to me
As Cassandra collier-William ordered. The Cleveland police
Department officers and the Cleveland impound violated judge
Cassandra collier-William court order. On 5-1-2017 I Cortez
Davis was at the clerk of court in Cuyahoga county received
Copy of capias on indictment without complaint attached issue
Date                                    7

8-23-2017, without judge signature or magistrate signature.

Violation of criminal rules, 1, 3, 4 [A][1], Ohio constitution.

Article. I. section 14, and 4th amendment.

8

# Claim 1

Claim I: 8th dist. Court of appeals errored

When it disregarded lack of jurisdiction abintio, lack of

Jurisdiction over any subject matter abinitio, lack of subject

Matter jurisdiction abinitio. Once Cortez Davis challenged

Jurisdiction in the trial court and in the 8th dist. Court of

Appeals, it must be proven to exist in all courts. There is no

Discretion to ignore lack of jurisdiction. Joyce v. U.S. 474 2D.

215. Once jurisdiction is challenged, the court cannot proceed

When it clearly appears that the court lacks jurisdiction, the

Court has no authority to reach merits, but, rather, should

Dismiss the action. Melo v. us, 505 f.2d. 1026 the law provides

That once state and federal jurisdiction has been challenged,

It must be proven. Main v. thiboutot, 100 5.ct.2502[1980].

Once challenged, jurisdiction cannot be assumed, it must be

Proved to exist.

9

Stuck v. medical examiners, 94 ca. 2d. 751. 211. P.2d. 389 the
Burden shifts to the court to prove jurisdiction. Rosemond v.
Lambert, 469. F.2d 416. Jurisdiction can be challenged at any
Time. Jurisdiction, once challenged, cannot be assumed and
Must be decided. Basso v. Utah power and light co. 495. F.2d
906. 910. The law requires proof of jurisdiction to appear on
The record of the administrative agency and all administrative
Proceedings. Hagans v. lavine, 415. U.S. 533.  A court cannot
Confer jurisdiction where none existed and cannot make a void
Proceeding valid. It is clear and well established law that a void
Order can be challenged in any court. Old Wayne mut. L. A 55
0c. v mc donough, 204. U.S. 8, 27. 5. Ct. 236[1907] Cortez Davis
Challenged jurisdiction in the trial court and in the 8th dist.
Court of appeals both never proved jurisdiction to exist on the
Record. Therefore Cortez Davis void judgment and void
Convictions must be vacated, invalidated expunged forthwith,
 For the trial court lacked jurisdiction abinitio, trial court lacked
Jurisdiction over any subject matter abinitio, trial court lacked

10

Subject matter jurisdiction abinitio.

42 U.S. Code § 1983 - Civil action for deprivation of rights

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## Elements of a § 1983 Action

"Traditionally, the requirements for relief under [§] 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Or, more simply, courts have required plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also Long v. County of Los Angeles*, 442 F.3d

\\

1178, 1185 (9th Cir. 2006); *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc); *Ortez v. Washington County, Or.*, 88 F.3d 804, 810 (9th Cir. 1996).

## 42 U.S.C. 1983 Civil Rights action for deprivation of rights

The decision in Monroe v. Pape that state government officials Can be sued under section 1983 was expanded in a case called Monell v. New York City Dept of Social Services, 436 U.S. 658 (1978). In that case the Supreme Court allowed for 1983 claims Against municipal and city governments.

U.S. Supreme Court Scheuer v. Rhodes, 416 U.S. 232 (1974) No. 72-914 Decided April 17, (1974)

## Claim II.

The 8th dist court of appeals errored when it denied Cortez

Davis affidavit motion to vacate void judgment and void

Convictions for ineffective assistance. Appellate counsels for

Not filing appellant brief. For the trial court lacked jurisdiction

Abintio, the trial court lacked jurisdiction over any subject

Matter jurisdiction abinitio. Jurisdiction exist by the Ohio

Constitution and by the U.S. constitution. Once the Ohio

12

Constitution and U.S. constitution. Is violated jurisdiction

Cease to exist. Jurisdictions exist outside the court,

And exist inside the court. Once the Cleveland police

Department officer violated, Ohio constitution article I.

Section 1, Ohio constitution. Article I. section. 14, 4th, 5th, 6th,

Amendments jurisdiction cease to exist, outside the court

Room. Therefore the court never had Jurisdiction inside the

Court room. Jurisdiction is a court's Power to decide a case or

Issue or degree. Bright vs. family Med. Found, Inc.

2003-ohio-6652 10th district. 2-11-2003. HN.3

Subject matter jurisdiction refers to the power of a court to

Hear and decide a case on the merits. A court that lacks subject

Matter jurisdiction may not hear and decide a case on the

Merits. In state vs. J.RO.Sharp 5th district, 2009-ohio-1854. 115.

Futher, the defense of subject matter jurisdiction can never be

Waived. In the matter of c.w. supra, citing time warner axs vs

Pub. Util. comm, 75-ohio st.3d 229, 223, 1996-ohio-224. The

Absence of a criminal complaint cannot be waived by a plea of

13

No contest or even guilty, since any conviction resulting from

An invalid complaint is a nullity. State of Tennessee appellee vs.

William therrell seaglaves appellant 837. 2d. 615[2-12-1992].

HN. 4 it is the duty of any court to determine the question of its

Jurisdiction on its own motion if the issues is not raised by

Either of the parties, in as much as any judgment rendered

Without jurisdiction is a nullity in county of shelpy vs city of

Memphis, 211 Tenn. 410, 411, 365. S.W. 291. 292. [1963]. Our

Supreme Court sua sponte reversed the judgment of the trial

Court and dismissed the appeal because the court found that

The trial court did not have subject matter jurisdiction. Elliot

Vs. piersol, I pet. 328, 340, 26. U.S. 328, 340[1828] under

Federal law which is applicable to all states, the U.S. supreme

Court stated if a court is without authority, its judgments and

Orders are regarded as nullities. People vs. wade, 506 N.W.

2d. 954[Ill. 1987].void judgment may be defined as one in

Which rendering court lacked subject matter jurisdiction,

Lacked personal jurisdiction, or acted in manner inconsistent

14

With due process of law. Underwood vs Brown, 244. S.W. 2d.

168[Tenn. 1951]. Void judgment is one which has no legal force

Or effect whatever, it is an absolute nullity, its in validity maybe

Asserted by any person whose rights are affected at any time

And at any place and it need not be attacked directly but

Maybe attacted collaterally whenever and where ever it is

Interposed. It is everywhere held that jurisdiction over subject

Matter or cause of action cannot be conferred upon a court by

Content or waiver, but may be questioned at any stage of the

Proceedings. Harris v. State. 82 A.2d 387, 387, 387, 389, 46

Del. 11[1950] it is elementary that the jurisdiction over subject

Matter of the action is the most critical aspect of the court's

Authority to act. Without it the court lacks any power to

Proceed; therefore, a defense based upon this lack cannot be

Waived and may be asserted at any time. Matter of green, 313

S.E 2d 193, 195[N.C. App. 1984] a reviewing court is required to

Consider the issue of subject matter jurisdiction even where it

Was not raised below in order to avoid an unwarranted

15

Exercise of judicial authority. " Honomich v. State, 333 N.W.

2d 797, 799[S.D.1983] Accorded a valid adjudication, but may

Be entirely disregarded, or declared inoperative by any

Tribunal in which effect is sought to be given to it. It is attended

By none of the Consequences of a valid adjudication. It has no

Legal or binding Force or efficacy for any purpose or at any

Place. It is not entitled to enforcement are themselves regarded

As invalid. 30 AM Jur judgments" 44, 45. A void judgment does

Not create any binding obligation. Federal decisions addressing

void state Court judgments include Kalb vs Feuerstein[1940]

308 U.S. 433, 60 S.CT. 343, 84 Led 370, Ex Parte Rowland [1882]

104 U.S. 604, 26.L.Ed.861. A court must vacate any judgment

Entered in Excess of its jurisdiction. Lubben vs. selective service

System Local Bd, No, 453.F.2d 645 [1st Cir. 1972]. The law

Requires Cortez Davis void judgment and convictions to be

Vacated Forthwith, for the trial court lacked jurisdiction

abinitio, trial Court lacked jurisdiction over any subject matter

abinitio, trial Court lacked subject matter jurisdiction abinitio.

16

## Claim: 3

Cortez Davis was denied right to appellate counsels pursuant

To 6th amendment and Ohio constitution Article. I. Section. 10,

When appellate counsels withdrew without filing Cortez Davis

Brief. Appellate counsel Mary Catherine O'Neil 0091210

Submitted a notice of appeal in the court of common pleas

Cuyahoga County, Ohio for Cortez Davis on 2-16-2017. See

Exhibit [A]. Instead of appellate counsel Mary Catherine O'Neil

Filing a brief, she submitted a motion to withdraw as counsel to

The 8th appellate district. See exhibit [B]. When appellate

Counsel Mary Catherine O'Neil submitted motion to withdraw

As counsel without filing Mr. Cortez Davis brief she violated

Ohio constitution. Article I, section 1, Ohio constitution

Article. I. section 10, 6th amendment, and administrative code

R.C. 124.34. Court of appeals of Ohio, eighth district granted

Motion to withdraw. See exhibit [C] court of appeals of Ohio,

Eighth district journal Entry. In the supreme court of Ohio, state

17

Of Ohio vs Gregory Clayton appellate S.CT. Case no. 2015-1568.

The six Amendment right to effective of counsel extends to

Appellate Counsel on direct appeal of a criminal conviction.

E vitts vs Lucey 469, U.S. 387. 105. S. ct. 830.83 Led 2d.821

[1985]. The Right too counsels is limited to the first appeal as

right, see Ross vs. moffit, 417. U.S. 600[1974.]. Swenson vs

boster, 386, U.S, 258.[1967], percuriam, and must play the role

Of an active Advocate, rather than a mere friend of the court

Assisting in a detached evalution of the appellant's claim, see

Anders vs California, 386. U.S. 738.[1967]. Had appellate

Counsel in this Case filed the brief, there is a strong possibility

That the Judgment, and convictions would have been vacated,

And Invalidated, and expunged forthwith. Cortez Davis never

Never signed a waiver for his 6th amendment right to appellate

Counsel as of rights Plaintiff Cortez Davis was appointed

 Another attorney, the Month of March 2017, appellate

Counsel Erika B. cunliffe 0074480, she too submitted motion to

Withdraw as counsel and for appointment of new counsel

18

March 13, 2017. See exhibit [D]. Appellate counsel Erika

cunliffe refused to file an brief for Her client Cortez Davis

Thus violating Ohio constitution. Article I, Ohio constitution.

Article I. section. 10.,6th amendment. Cortez Davis never

Signed a waiver to waive his right to Appellate counsel as of

Right. Gideon v. wainwright, 372 U.S. 335[1963], is a landmark

Case in United States Supreme Court

History. In it, the Supreme Court unanimously ruled that states

Are required under the sixth amendment to the U.S.

Constitution to provide counsel in criminal cases to represent

Defendants who are unable to afford to pay their own

Attorneys. The case extended the right to counsel, which had

Been found under the 5th, and 6th amendments to impose

Requirements on the federal government, by ruling that this

 Right imposed those requirements upon the states as well

Walter. A. Rothgery petitioner vs. Gille pie county Texas

Supreme Court of the U.S 171 L.e.d. 2d 366 decided 6-23-2008.

HN. I the right to counsel guaranteed by the 6th amendment

19

Applies at the first appearance before a judicial officer at which

A defendant is told of the formal accusation against him and

Restrictions are imposed on his liberty. See, Powell vs.

Alabama, suora, Johnson vs. zerbst, 304 U.S. 458, 81 L.E.D.

1461 [1938] Hamilton vs. Alabama 157, 7 L.E.D. 2d. 114 [1961].

White vs. Maryland 10 L.E.D 2d 193 [1963], massiah vs. U.S. 12

L.E.D 3d 246 [1964], U.S. vs wade 18 L.E.d. 2d. 1149 [1967].

Gilbert vs califorina 18 L.E.d. 2d 1178 [1976], Coleman vs

Alabama 26 L.E.d. 2d. 387 [1970]. A person accused of a crime

Requires the guiding hand of counsel at every step in the

Proceedings against him, Powell vs. Alabama 287 U.S. 45,69

[1932], and that the constitutional principle is not limited to the

Presence of counsel at trial, the accused is guaranteed that he

Need not stand alone against the state at any stage of the

Prosecution, formal or informal, in court or out, where counsels

Were in accord [1156], on few things they agreed on the

Necessity of abolishing the facts –law distinction, the colonist

Appreciated that if a defendant were forced to stand alone

20

Against the state his case is foredoomed. Appellant Cortez

Davis is standing alone against the state of Ohio without any

Appellate counsel, his appeal is foredoomed. Douglas vs

California [1963] 372 U.S. 353[1963] U.S. Supreme Court.

Decided [3-18-1963]. Denial of counsel on a appeal to an

Indigent would seem to be discrimination at least as invidious

As that condemned in Griffin vs Illinois. Goesaert vs clearly,

335 U.S. 464 but where the merits of the one and only appeal

An indigent has right are decided without benefit of counsel

We think an unconstitutional line has been drawn between

Rich and poor. The state appellate courts to appoint counsel

On appeal for any indigent defendant. Gideon vs wainwright

372 U.S. 335[1961], the supreme Court held that the

Right to the assistance of counsel at State expense

Applied to defendants on first level of Appeal. Douglas vs

California, 372 U.S. 353[1963]. Exercising their only right

To appeal as of right. The Following Exhibits is attached

To this 42. U.S.C. 1983 Civil Rights Complaint Exhibit [A]

Notice of appeal submitted by appellate counsel Mary

21

Catherine O'Neil, 0091210 Exhibit [B] motion to withdraw
As counsel submitted by appellate counsel Mary
Catherine Corrigan 0091210, Exhibit [C] Journal Entry
Mary Catherine O'Neil to withdraw as counsel granted,
Exhibit [D] motion to withdraw as counsel and for #
0074480, Exhibit [E] affidavit to appoint appellate and for
The appellate counsel to submit one assignment of error
In his brief. The trial court lacked subject matter
Jurisdiction abinitio, Exhibit [F] appellate counsel Erika
Cunliffe submitted an motion to withdraw as counsel
And for appointment of new counsel, Exhibit [G] letter to
Court of appeals of Ohio, eighth appellate district, Exhibit
[H] And I page 148-149 when Cortez challenged the trial
Court of jurisdiction, Exhibit [J] Journal Entry appellant's
Affidavit to vacate void judgment and void convictions for
Ineffective assistance of appellate counsel, counsel for
Appellant's brief is treated as a motion and is denied,
Exhibit [K] Kathleen Ann Keogh judicial oath of office [
Pursuant to R.C.3.23], Exhibit [L] Michael C. O'Malley

22

Oath of office of the Cuyahoga county prosecutor, Exhibit
[M] How judges commit crimes pages 1-6, Exhibit [N]
Capias on indictment issue date: 08/23/2016, Exhibit [O]
Journal Entry defendant indigent; attorney Mary Catherine
O'Neil Corrigan assigned. Counsel is appointed for
Appellate purposes. Transcripts at states expense, Exhibit
[P] Journal Entry motion by appellant's counsel the
Cuyahoga county public defender's office, to withdraw as
Counsel, and for appointment of new counsel is granted,
Exhibit [Q] Journal Entry motion by appellee for extension
Of time to file response to appellant's affidavit to vacate
Void Judgment and void convictions is denied as moot,
Exhibit[R] Motion to withdraw as counsel and for
Appointment of New counsel Erika Cunliffe Ohio Reg
#0074480, Exhibit [S] Journal Entry judge Cassandra
Collier-Williams Ordered Cleveland police department
Return vehicle to the defendant 2-3-2017, Exhibit [T]
Motion by appellee for Motion by appellee for extension
Of time to file response to Appellant's affidavit to vacate

23

Void judgment and Conviction is denied as moot, Exhibit
[U] Journal Entry Motion by appellant, pro se, for
Reconsideration of denial of affidavit to vacate void
Judgment and void convictions for ineffective assistance
Of counsels and for not filing appellant brief is denied
Exhibit [V] Journal Entry in accordance with the court's
Accompanying memorandum of opinion and order, this
Action is dismissed. Exhibit [W] Journal Entry
Correspondence from appellant Requesting to appoint
Another Appellate attorney is treated as a motion,
Exhibit [X] Judges as criminals? When judges violate
Their oath of office Exhibit [Y] Racketeer influenced and
Corrupt organizations and Act Rico Exhibit [Z] Reason
For tow: Arrest VIN: 2FMZA57481BA07302 2001 Silver
Ford Windstar Date of Service 08/26/2016 Junked 12/1/16
Exhibit [1] Journal Entry motion by appellant's
Counsel, The Cuyahoga county defender's office, to
Withdraw as Counsel, and for appointment of new counsel
Counsel is granted in Part, Exhibit [2] Journal Entry

24

Defendant ordered Released, Exhibit [3] Affidavit motion

To reconsideration of Denial of plaintiffs affidavit motion to

To vacate void judgment and void convictions for

Ineffective asst, Exhibit [4] opposition to Oppose for

Extension of Time to Plaintiff's affidavit to Vacate void

Judgment and Void Conviction, Exhibit [5] Affidavit to

Attach exhibit [H] And [I], to vacate void Judgment and

Void convictions for For Ineffective asst, Exhibit [6]

Affidavit to vacate void Judgment and void Convictions for

Ineffective asst, Exhibit [7] Affidavit to Appoint appellate

Counsel and for the Appellate counsel to submit one

Assignment of error in His brief, Exhibit [8] Letter to

Appellate attorney Mary Catherine Corrigan. Exhibit [9]

Journal Entry Sua sponte, this appeal is dismissed at

Appellant's cost for failure to file a brief. All Exhibits from

The record proves and shows the trial court in Cuyahoga

County never had jurisdiction abinitio to proceed against

Cortez Davis. The Cleveland Police Department officers,

Cleveland municipal court, Cuyahoga County jail, common

25

Pleas court, agents, Employees, and Staff are knowingly Willingly violating the Following laws: Human rights, Ohio Const. Article. I sect. 1, Ohio const. Art.1. Sect 10, Ohio Const. Art. I. sect 14, 4th, 5th, 6th, Art. 6. Cl. 2, oath of office 3.23, and Administrative code R.C. 124. 34. Ohio criminal Rules 3, 4[A][1],5. Common Law Rights.

26

Our government owes the people an "intangible right to

Honest services" by all government agents, a.k.a.

Municipal employees/officers. Implicit in this statement is

The inferred obligation to the people that our courts will be

Honest and will be administered by honest officers of the

Court. Judges and prosecutors must be held to a higher

Standard of truth and integrity that the citizens for whom

They administer the law. It is a fair characterization of the

Lawyer's responsibility in our society that he stands "as a

Shield,"...,in defense of right and to ward off wrong. From

A profession charged with such responsibilities there must

Be exacted those qualities of truth-speaking, of a high

Sense of honor, of granite discretion, of the strictest

Observance of fiduciary responsibility, that have,

Throughout the centuries, been compendiously described

As" moral character"." Schware v. Board of Examiners,

353 U.S. 232, 238 [1957] Scotus rendered the decision in

Schware being consciously aware of the potential for

Abuse of power if our courts and law enforcement should,

27

Over time, disregard their "fiduciary responsibility " and
Therewith forfeit their moral character. Jefferson, Lincoln
And others cautioned against failure to keep a watchful
Eye on the judiciary. When lawyers and judges disregard
Truth and honesty they neglect their duty to support and
Defend the constitution. Due process and equal protection
Of law are disregarded. The court becomes a "rogue/
Corrupt court", acting outside the prescribed parameters
Of law. The fundamental element for due process of law is
The establishment of jurisdiction without which a court
May not act for, inter alia, lack of probable cause.
Jurisdiction has two [2] primary components; subject
Matter and in personam jurisdiction. Both components
Must be satisfied for a court to have jurisdiction to act in
A judicial capacity in the matter. Jurisdiction is so
Important as a constitutional right" that once challenged,
The test for jurisdiction is, and must be established by the
Moving party [plaintiff], under the strict scrutiny" test. A
Court that assumes jurisdiction without irrefutable

28

Supporting evidence is "at war with the constitution" which

Judges have sworn to support and defend. See oath of

Office. A court may not assumes jurisdiction where that

Jurisdiction is challenged. The moving party has the

Burden of proof to establish jurisdiction in a court of law.

This requirement is critical in criminal cases lest the victim

Be convicted by abusive and criminal misconduct of

Prosecutors. "jurisdiction can not be assumed." Owen v.

City of independence, mo., 100 S.Ct. 1398 once

Challenged, jurisdiction must be answered." Hagans v.

Lavine, 99 S.ct 1372, 78 n.5 [1973]. Scotus" subject

Matter jurisdiction can never be waived and can be raised

At any time, even after trial." Zenith Radio Corp. V.

Matsushita Electric Indus. Co., Ltd., 459 F. Supp. 1161

[DC PA 1980]. "Whenever it appears by suggestion of the

Parties or otherwise that the court lacks jurisdiction of the

Subject matter, the court shall dismiss the action." Fed.

Rules of civil procedure 12[h][3]."lack of subject matter

Jurisdiction will subject a court to collateral attack, since

29

The judgment is wholly nugatory."Riddle v. Cella, 15 A. 2d 59, 128 N.J. Eq. 4 [1940]."Where a court does not Have subject matter jurisdiction, it should refrain from Any further exercise of power." Myers v. Long Island Lightning Co., 623 F. Supp. 1076 [D.C.N.Y.1985]." A Party can not be estopped from asserting lack of subject Matter jurisdiction"Burch v. snider, 461 F. Supp. 598 [1978]."Subject matter jurisdiction cannot be waived by Parties, conferred by consent, or ignored by court." Babcock & Wilcox Co. v. Parsons Corp., 430 F.2d 531 [1970]. Subject matter jurisdiction is so important that Absence of it must be raised at any time, sua sponte, by A court at any level." Matter of Wildman, 30 B.R. 133 [ Bkrtcy ill.1983].[Emphasis added.]"Where a court has no Jurisdiction of subject matter, its proceedings are void Judge can derive no protection from them against Potential civil liability."In re: Tip-Pa-Hans Enterprises, Inc., "the United States Supreme court has clearly, and Repeatedly, held that any judge who acts without

30

Jurisdiction is engaged in an act of treason."U.S. v. Will, 449 U.S. 200, 216, 101 S.ct. 471, 66 L. Ed. 2d 392, 406[ 1980]; Cohens v. Virginia, 19 U.S.[6 Wheat] 264, 404, 5 L. Ed 257 [1821]. Scotus" Engaging in an act of treason Against the United States Constitution by any citizen of the United States is an act of war against the United States." Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401[1958]. Scotus Clearly, subject matter jurisdiction is a fundamental Element for any court proceeding to pretend to have Legitimacy. Under Twining, Supra, SCOTUS recognizes "jurisdiction" as a fundamental right; a "due process" Constitutional issue. Any court that proceeds without Jurisdiction commits a "breach of trust" which, when not Corrected becomes a "conflict of interest crime". See Public service. 5 U.S.C. 2635. 101[c]. satisfy its burden Of proof to establish jurisdiction. In both cases, the state Court failed to demand that prosecutors meet this burden And prosecutors "made with no effort" to establish Jurisdiction in Dauphin County Court. In both cases, the

31

State judiciary is" at war" with the Constitution of the
United States. Where there is no jurisdiction, there can
Be no discretion, for discretion is incident to jurisdiction.
Piper v. Pearson, 2 Gray 120, cited in Bradly v. fisher, 13
Wall. 335, 20 L.Ed. 646 [1872]. SCOTUS A court [judge]
Acting contrary to the Rules of Court is, definition, a"
Criminal" for committing a conflict of interest "crime ". This
Constitution, and the laws of the United States which shall
Be made in Pursuance thereof; and all Treaties made, or
Which shall be made, under the authority of the United
States, shall be the supreme law of the Land; and the
Judges in every State shall be bound thereby, any thing
In the Constitution or Laws of any State to the Contrary
Notwithstanding. Article VI,Cl.2 has not been amended or
Repealed. When a judge knows that he lacks jurisdiction,
Or acts in the face of clearly valid statutes expressly
Depriving him of jurisdiction, judicial immunity is lost."
Rankin v. Howard, 633 F. 2d 844 [1980]; cert. den.
Zeller v. Rankin, 101 S.ct. 2020, 451 U.S. 939, 68 L.Ed.

32

2d 326." There is a general rule that a ministerial officer
Who acts wrongfully, although in good faith, is
Nevertheless liable in a civil action and cannot claim the
Immunity of the sovereign." Cooper v. O' Connor, 99 F.2d
133."... the particular phraseology of the Constitution of
The United States confirms and strengthens the principle,
Supposed to be essential to all written Constitutions, that a
Law repugnant to the Constitution is void, and that courts,
As well as others departments, are bound by that
Instrument."Marbury v. Madison, 1 Cranch 137 [1803]."
No judicial process, whatever form it may assume, can
Have any lawful authority outside of the limits of the
Jurisdiction of the court or judge by whom it is issued; and
An attempt to enforce it beyond these boundaries is
Nothing less than lawless violence." Ableman v. Booth, 21
Howard 506 [1859].        33

## Judges As Criminals?  When judges violate their oath of office

### Circuit Court a Criminal Enterprise

The seventh circuit court appeals held that the circuit Court of Cook County is a criminal enterprise. U.S. v. Murphy, 768 F.2d 1518, 1531 [7th Cir. 1985]. The united States Supreme Court recently acknowledged the judicial Corruption in cook county, when it stated that judge " Maloney was one of many dishonest judges exposed and Convicted through 'operation Greylord', a labyrinthine Federal investigation of judicial corruption in Chicago". Bracey v. Gramley, Case No. 96-6133 [June 9, 1997].

Since judges who do not report the criminal activities of Other judges become principals in the criminal activity, 18 U.S.C. section 1, and since no judges have reported the Criminal activity of the judges who have been convicted, The other judges are as guilty as the convicted judges.

34

The criminal activities that the federal courts found in the
Circuit court of cook county still exist, and are today under
The care, custody and control of judges Greylord II [Chief
Judge Donald O'Connell]. The circuit court of Cook County
Remains a criminal enterprise.

## Judicial immunity

Judges have given themselves judicial immunity for their
Judicial functions. Judges have no judicial immunity for
Criminal acts, aiding, assisting, or conniving with others
Who perform a criminal act, for their administrative/
Ministerial duties. When a judge has a duty to act, he does
Not have discretion-he is then not performing a judicial act
, he is performing a ministerial act. Judicial immunity does
Not exist for judges who engage in criminal activity, for
Judges who connive with, aid and abet the criminal activity
Of another judge, or to a judge for damages sustained by
A person who has been harmed by the judge's connivance
With, aiding and abeting, another judge's criminal activity.

35

## Trespassers of the law

The Illinois supreme court has held that" if the magistrate

Has not such jurisdiction, then he and those who advise

And act with him, or execute his process, are trespassers.

"Von Kettler et.al v. Johnson, 57 Ill. 109 [1870] under

Federal law which is applicable to all states, the U.S.

Supreme stated that if a court is" without authority, its

Judgments and orders are regarded as nullities. They are

Not voidable, but simply void and form no bar to a

Recovery sought, even prior to a reversal in opposition to

To them. They constitute no justification; and all persons

Concerned in executing such judgments or sentences are

Considered, in law, as trespassers." Elliot v. Piersol, 1

Pet. 328, 340, 26 U.S. 328, 340 [1828] the Illinois supreme

Court held that if a court "could not hear the matter upon

The jurisdiction paper presented, its finding that it had the

Power can add nothing to its authority to make that

Finding." The People v. Brewer, 128 Ill. 472, 483 [1928].

When judges act when they do not

36

Have jurisdiction to act, or they enforce a void order [an
Order issued by a judge without jurisdiction], they become
Trespassers of the law, and are engaged in treason [see
Below]. The Court in Yates v. Village of Hoffman Estates,
Illinois, 209 F.Supp. 757 [N.D. Ill. 1962] held that" not
Every action by a judge is in exercise of his judicial
Function. ... It is not a judicial function for a judge to
Commit an intentional tort even though the tort occurs in
The courthouse." When a judge acts as a trespasser of
The law, when a judge does not follow the law, the judge
Loses subject-matter-jurisdiction and the judges orders
Are void, of no legal force or effect. The U.S. Supreme
Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683,
1687 [1974] stated that" when a state officer acts under a
State law manner violative of the Federal Constitution, he"
Comes conflict with the superior authority of that
Constitution, and he is in that case stripped of his official
Or representative character and is subjected in his person
To the consequences of his individual conduct. The state

37

Has no power to impart to him any immunity from
Responsibility to the Supreme authority of the United
States." By law, a judge is a state officer. The judge then
Acts not as a judge, but as a private individual [in his
Person].

## Violation of oath of office

In Illinois, 705 ILCS 205/4 states "every person admitted
To practice as an attorney and counselor at law shall,
Before his name is entered upon the roll to be kept as
Hereinafter provided, take and subscribe an oath,
Substantially in the following form:

'I do solemnly swear [or affirm, as the case may be], that
I will support the constitution of the United States and the
Constitution of the state of Illinois, and that I will faithfully
Discharge the duties of the office of attorney and
Counselor at law to the best of my ability.'"

38

In Illinois, a judge must take a second oath of office. Under 705 ILCS 35/2 states, in part, that "the several judges of The circuit courts of this state, before entering upon the Duties of their office, shall take and subscribe the following Oath or affirmation, which shall be filed in the office of the Secretary of state:

'I do solemnly swear [or affirm, as the case may be] that I Will support the constitution of the United States, and the Constitution of the state of Illinois, and that I will faithfully Discharge the duties of judge of _____court, according to The best of my ability.'"

Further, if the judge had enlisted in the U.S. military, then He has taken a third oath. Under title 10 U.S.C. Section 502 the judge had subscribed to a lifetime oath, in Pertinent part, as follows:

"I,_____,do solemnly swear [or affirm] that I will

39

Support and defend the Constitution of the United States
Against all enemies, foreign or domestic; that I will bear
True faith and allegiance to the same;...".

The U.S. Supreme Court has stated that "No state
Legislator or executive or judicial officer can war against
The Constitution without violating his understanding to
Support it.". Cooper v. Aaron, 358 U.S. 1, 78 S.Ct. 1401
[1958].

Any judge who does not comply with his oath to the
Constitution of the United States wars against that
Constitution and engages in acts in violation of the
Supreme law of the land. The judge is engaged in acts of
Treason. Having taken at least two, if not three, oath of
Office to support the Constitution of the United States, and
The Constitution of the State of Illinois, any judge who has
Acted in violation of the Constitution is engaged in an act
Or acts of treason [see below]. If a judge does not fully

40

Comply with the Constitution, then his orders are void,
In re Sawyer, 124 U.S. 200 [1888], he/she is without
Jurisdiction and he/she has engaged in an act or treason.

## Treason

Whenever a judge acts where he/she does not have
Jurisdiction to act, the judge is engaged in an act or acts
Of treason. U.S. v. Will, 449 U.S. 200, 216, 101 S.Ct. 471,
66 L.Ed.2d 392, 406 [1980]; Cohens v. Virginia, 19 U.S. [6
Wheat] 264, 404, 5 L.Ed 257 [1821]

Any judge or attorney who does not report the above
Judges for treason as required by law may themselves be
Guilty of misprision of treason, 18 U.S.C. Section 2382.
It takes a short time to learn to exercise power, but a
Lifetime to learn how to avoid abusing it.

41

# Trial court violated Treason Act

## Claim: 4

The Northern Dist Court errored when it denied

And violated Cortez Davis Treason Act, 4th, 5th, 6th,

Amendments Art. 6.Cl2, Ohio Constitution Art. I. sect.

1, Ohio constitution Art I sec. 10, Ohio constitution. Art. I.

sect. 14, U.S. constitution Oath of office 3.23

Administrative code R.C. 124.34 See Exhibit (M)

Reserve/Invoke all Common law rights. For the northern

dist Court Lacked Jurisdiction Abinitio, the northern dist

Court Lacked Jurisdiction over any subject matter

Jurisdiction Abinitio. The Northern dist court lacked subject

Matter Jurisdiction abinitio. Jurisdiction exist by the Ohio

Constitution and By the U.S. Constitution. Once the Ohio

Constitution and U.S. Constitution is violated Jurisdiction

Cease to exist. Jurisdiction exist outside the court, and if

It doesn't exist outside the court room it can never exist

Inside the court Room. Whenever a judge acts where

He/she does not have jurisdiction to act, the judge is

Engaged in an act or Acts of Treason. U.S. v. Will, 449

U.S. 200, 216, 101 S.Ct

42

.471, 66 L.Ed.2d 392, 406 (1980); Cohens v. Virginia, 19
U.S. (6 wheat) 264, 404, 5 L.Ed 257 (1821) any judge or
Attorney who does not report the above judges for
Treason as required by law may themselves be guilty of
Misprision of treason, 18 U.S.C. section 2382.

The seventh circuit court of appeals held that circuit
Court of Cook County is a criminal enterprise. U.S. v.
Murphy, 768 F.2d 1518, 1531 (7th Cir. 1985). The United
States supreme court recently acknowledge the judicial
Corruption in cook county, when it stated that judge ''
Maloney was one of many dishonest judges exposed and
convicted through 'operation Greylord', a labyrinthine
Federal investigation of judicial corruption in Chicago''.
Bracey v. Gramley, case No. 96-6133 (June 9, 1997).
Since judges who do not report the criminal activities of
Other judges become principals in the criminal activity, 18
U.S.C. section 1, and since no judges have reported the
Criminal activity of the judges who have been convicted,
The other judges are as guilty as the convicted judges.
The criminal activities that the federal courts found in the
Circuit court of cook county still exist, and are today under

43

The care, custody and control of judge Greylord II (Chief Judge Donald O'Connell). The circuit court of Cook County remains a criminal enterprise.

The Illinois supreme court has held that " if the magistrate Has not such jurisdiction, the he and those who advise And act with him, or execute his process, are trespassers " Von Kettler et.al. v. Johnson, 57 Ill. 109 (1870) under Federal law which is applicable to all states, the U.S Supreme Court stated that if a court is " without authority, Its judgments and orders are regarded as nullities. They Are not voidable, but simply void, and form no bar to Recovery sought, even prior to a reversal in opposition to Them. They constitute no justification, and all persons Concerned in executing such judgments or sentences. Are considered, in law, as trespassers " Elliot v. Piersol, 1 Pet. 328, 340; 26 U.S. 328, 340 (1828) the Illinois Supreme Court held that if a court " could not hear the Matter upon the jurisdiction paper presented, its finding That it had the power can add nothing to its authority, It had no authority to make that finding " The people v. Brewer, 128 Ill. 472, 483 (1928). When judges act when They do not have jurisdiction to act, or they enforce a void Order (an order issued by a judge without jurisdiction)

44

They become trespassers of the law, and are engaged in
In treason (See below).

The court in Yates v. Village of Hoffman Estates, Illinois,
209 F.Supp. 757 (ND. Ill. 1962) held that "not every action
By a judge is in exercise of his judicial function. ... It is not
A judicial function for a judge to commit an intentional tort
Even though the tort occurs in the courthouse." When a
Judge acts as a trespasser of the law, when a judge does
Not follow the law, the judge loses subject-matter
Jurisdiction and the Judges orders are void, of no legal
Force or effect. The U.S. supreme court, in Scheuer v.
Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated
That "when a state officer acts under a state law in a
Manner violative of the federal constitution, he is in that
Case stripped of his official or representative character
And is subjected in his person to the consequences of his
Individual conduct. The state has no power to impart to
Him any immunity from responsibility to the supreme
Authority of the United States. "[Emphasis supplied in
Original]. By law, a judge is a state officer. The judge then
Acts not as a judge, but as a private individual (in his
Person).

45

Claim: 5

## Trial court violated Rico Act

The Northern Dist Court errored when it denied

And violated Cortez Davis Section 1961(1) of the

Rico Act Statute, 4th, 5th, 6th, amendments Art. 6. Cl 2

Ohio Constitution Art. I. sect. 1, Ohio constitution Art I sec.

10, Ohio constitution. Art. I. sect. 14, U.S. constitution

Oath of office 3.23 administrative code R.C. 124.34

See Exhibit (Y) Reserve/Invoke all common law rights.

For the northern dist Court Lacked jurisdiction abinitio,

The northern dist Court Lacked jurisdiction over any

Subject matter Jurisdiction Abinitio. The northern dist court

Lacked subject matter Jurisdiction abinitio. Jurisdiction

Exist by The Ohio Constitution and By the U.S.

Constitution. Once the Ohio Constitution and U.S.

Constitution is violated Jurisdiction Cease to exist.

Jurisdiction exist outside the court, and if it doesn't

Exist outside the court room It can never exist inside

The court room. Section 1961(1) Of the Rico Act lists all

Of the crimes upon which a Rico Violation must be

Predicated. Spool, 520 F.3d 178 at 183. A Rico claim can

Be predicated on not only numerous Federal criminal

46

Violations, but also on violations of certain state criminal
Violations, but also on Rico states that a violation can be
Predicated upon "any act or threat Involving murder,
Kidnapping, gambling, arson, robbery, Bribery, extortion,
Dealing in obscene matter, or dealing in a controlled
Substance... which is chargeable under state Law and
Punishable by imprisonment for more than one Year.
" Thus, to prove a Rico claim, a plaintiff or Prosecutor
Must first allege and prove an entire murder Case,
Arson case, robbery case, etc. Only if proceed with
The remaining elements of the "greater" Rico claim, e.g.,
Pattern, enterprise, operation and management. A Rico
Claim can also be predicated upon the violation of many,
Many federal criminal statutes. The federal crimes relate
To a number of areas, including: Counterfeiting, extortion,
Gambling, illegal immigration, Obscenity, obstruction of
Justice, prostitution, murder for hire, interstate
Transportation of stolen property, and criminal
Infringement of intellectual property rights. These are but
A Few of the areas of federal criminal law Out of which
A Rico claim can arise. Regardless of Whether a Rico

47

Claim is predicated upon state or federal criminal Violations (or a Combination of both), the defendant Need not be criminally convicted before civil plaintiff Can sue for Treble damages under Rico. Sedima, S.P.R.L.v. Imrex Co., 473 U.S. 479, 493 (1985). The Statute requires only that the criminal activities are "Chargeable " or indictable " under state or federal law, Not that the defendant has Already been charged or Indicted. 18 U.S.C. § 1961(1). There is one exception to This rule: since congress Amended the Rico act in 1995, Civil Rico claims cannot be predicated on securities fraud Violations unless the Defendant has been criminally Convicted of a securities Fraud violation. 18 U.S.C. § 1964(c). See, e.g., Swartz v. KPMG LLP, 476 F.3d 756, 761 (9th Cir. 2007)(the plaintiff's Civil Rico claim were Barred where the defendant had not be convicted of Securities fraud and where the sale of Stock was the Lynchpin of defendants' allegedly fraudulent Scheme); Bixler v. Mineral Energy and Technology Corp., 596 F. 3d 751, 760 (10th Cir. 2010)(same). What follows is a Discussion of some of the more useful and common acts Of racketeering.  48

## Trial court violated oath of office

Claim: 6

The Northern Dist Court errored when it violated oath of Office 4th, 5th, 6th, Amendments Art. 6. Cl. 2, Ohio Constitution Art. I. sect. 1, Ohio constitution Art I sec. 10, Ohio constitution. Art. I. sect. 14, U.S. constitution Oath of Office 3.23 Administrative code R.C. 124.34 See Exhibit (X) Reserve/ invoke all Common law rights. For the Northern dist Court Lacked Jurisdiction Abinitio, the Northern dist Court Lacked Jurisdiction over any subject Matter Jurisdiction Abinitio. Northern dist lacked subject Matter Jurisdiction abinitio. Jurisdiction exist by the Ohio Constitution and By the U.S. Constitution. Once the Ohio Constitution and U.S. Constitution is violated Jurisdiction Cease to exist. Jurisdiction exist outside The court, and if it doesn't exist outside the court room it Can never exist inside the court room. In Illinois, 705 ILCS 205/4 states ''every person admitted to practice as an Attorney and counselor at law shall, before his name is Entered upon the roll to be kept as hereinafter provided, Take and subscribe an oath, substantially in the following

49

Form: 'I do solemnly swear (or affirm, as the case may

Be), that I will support the constitution of the United States

And the constitution of the state of Illinois, and that I will

Faithfully discharge the duties of the office of attorney and

Counselor at law to the best of my ability.'"

In Illinois, a judge must take a second oath of office. Under

705 ILCS 35/2 states, in part, that" the several judges of

The circuit courts of his state, before entering upon the

Duties of their office, shall take and subscribe the following

Oath or affirmation, which shall be filed in the office of the

Secretary of state:

'I do solemnly swear (or affirm, as the Case may be) that I

Will support the constitution of the United States, and the

Constitution of the state of Illinois, and that I will faithfully

Discharge the duties of judge of _____court, according

To the best of my ability.'"

Further, if the judge had enlisted in the U.S. military, then

He has taken a third oath. Under Title 10 U.S.C. section

502 the judge had subscribed to a lifetime oath, in

Pertinent part, as follows:

"I, _____, do solemnly swear (or affirm) that I will

50

Support and defend the constitution of the United States
Against all enemies, foreign or domestic; that I will bear
Faith and allegiance to the same;…".

The U.S. supreme court has stated that "No state
Legislator or executive or judicial officer can war against
The constitution without violating his undertaking to
Support it.". Cooper v. Aron, 358 U.S. 1, 78 S.Ct. 1401
(1958).

Any judge who does not comply with his oath to the
Constitution of the United States wars against that
Constitution and engages in acts of treason. Having taken
At least two, if not three, oaths of office to support the
Constitution of the United States, and the constitution is
Engaged in an act or acts of treason (see below). If a
Judge does not fully comply with the constitution, then his
Orders are void, in Re Sawyer, 124 U.S. 200 (1888), he/
She has engaged in an act or acts of treason.

51

## Claim: 7

Northern dist court errored when it dismissed Cortez Davis 60(b)(6) complaint to vacate void judgment and void Convictions for ineffective assistance. And when it Disregarded lack of jurisdiction abinitio, lack of Jurisdiction Over any subject matter abinitio, lack of subject matter Jurisdiction abinitio, See Exhibit (V.) once Cortez Davis Challenged Jurisdiction in trial court 8th district court of Appeals, and in the northern district court, it must be Proven to exist in all courts. There is no discretion to Ignore lack of Jurisdiction, the court has no authority to Reach merits, but rather, should dismiss the action. Melo v. us, 505 f.2d. 1026 the law provides that once state and Federal Jurisdiction has been challenged, it must be Proven Main V. thiboutot, 100 5. Ct. 2502[1980]. Once Challenged, Jurisdiction cannot be assumed, it must be Proved to exist. Stuck v. medical examiners, 94 ca. 2d. 751. 211. P.2d. 389 the burden shifts to the court to prove Jurisdiction. Rosemond v. Lambert, 469. F.2d 416. Jurisdiction can be challenged at any time. Jurisdiction, Once challenged, Cannot be assumed and must be

52

Decided. Basso v. Utah Power and light co. 495. F.2d 906. 910. The law requires Proof of Jurisdiction to Appear on the record of the Administrative proceedings. Hagans v. lavine, 415. U.S. 533. A court cannot confer Jurisdiction where none existed and cannot make a void Proceeding valid. It is clear and well established law that A void order can be challenged in any court. Old Wayne Mut. L. A 55 0c. v Mc Donough, 204. U.S. 8, 27. 5. Ct. 236 [1907] Cortez Davis challenged Jurisdiction in the trial Court 8th dist. court of appeals and in the northern dist. Court all 3 never proved Jurisdiction to exist on the record. See Exhibit (v) Therefore Cortez Davis Void Judgment And Void convictions must be vacated, invalidated Expunged Forthwith, for the trial court 8th dist court of Appeals and The northern dist court lacked Jurisdiction abintio, the trial Court 8th dist court of appeals and the Northern dist court Lacked Jurisdiction over any Subject matter abinitio, Trial court 8th dist court of Appeals and the northern dist Court lacked subject Matter Jurisdiction abinitio.

53

Relief, sought for Damages, Perjury, Corruption, Embarrassment, Pain and Suffering, Violating Constitutional rights, Social Security loss, False Reputations, Unlawful Arrest, Wrongful Conviction, Unlawful Probation, Appellate Counseling miss Representing me, appointed attorney miss Representing me, Electrical Trade School, Stress, Depression, Discrimination, invasion of privacy, Tampering with evidence, false documentation, False allegations, Fraud, Treasons, Sham legal Process, Rico Act, Oath of Office, and Kidnapping. $100.000.000 Dollars. For Cortez Davis 42. U.S.C. 1983 Civil Rights Complaint. Trial court lacked jurisdiction abinitio, trial Court lacked jurisdiction over any subject matter abinitio, Trial court lacked subject matter jurisdiction abinitio.

Respectfully submitted by

*Cortez Davis*

1545 West 25th Street Apt 217

Cleveland, Ohio 44113

54

# Affidavit of indigence
## In the United States Northern District Court of Ohio

I Cortez Davis, do hereby state that I am without the
Necessary funds to pay the cost of this action for the
Following reason(s). I am indigent, poor, don't have
Employment to pay any cost in this 42. U.S.C. 1983
Civil Rights complaint. I am requesting that the filing fees
And any cost related to this be waived.


Plaintiff _Cortez Davis_


Sworn to, or affirmed, and subscribed in my presence this
____ 2 ____ Day of February 2018


_Deborah Hitchcock 2/2/18_
Notary Public



DEBORAH HITCHCOCK
NOTARY PUBLIC
STATE OF OHIO
My Commission Expires
12/23/22

My Commission Expires __12/23/22__

55

Affidavit 42. U.S.C. 1983 Civil Rights Complaint

Memorandum to Support Stating all Claims and is true

And correct to the best of my knowledge.


Subscribed and sworn to before me on this ___2___ Day
Of February 2018



_Cortey Siam_
Plaintiff



_Dupont Hitchcock_ 2/2/18
Notary Public

**DEBORAH HITCHCOCK**
NOTARY PUBLIC
STATE OF OHIO
My Commission Expires
12/23/20


56

## Certificate of service

A copy of this 42. U.S.C. 1983 Civil Rights Complaint has
Been Sent to Common Pleas Court 1200 Ontario St,
Cleveland, Ohio 44113. Court of Appeals of Ohio, Eighth
Eighth appellant District. 1 Lakeside Avenue. Cleveland
Ohio 44114. United States Northern District Court of Ohio
Clerk of Ohio Clerk of Court 801 W Superior Ave #400,
Cleveland, Ohio 44113.


Respectfully submitted by

*Cortez Davis*

1545 West 25th Street Apt 217
Cleveland, Ohio 44113




57

# Table of authorities

Cases                                    Page No. I-VIII

Melo V. US, 505 f.2d. 1026 Pg No. 9

Main v. Thiboutot, 100 5.ct. 2502(1980) Pg No. 9

Stuck v. Medical Examiners, 94 ca. 2d. 751. 211. P.2d. 389. Pg No. 10

Rosemond v. Lambert, 469. F.2d 416. Pg No. 10

Basso v. Utah power and light co. 495. F.2d 906. 910. Pg No. 10

Hagans v. Lavine, 415. U.S. 533 Pg No. 10

Old Wayne mut. L. A 55 0c. V Mc Donough, 204. U.S. 8, 27. 5. Ct. 236(1907) Pg No. 10

Bright vs. family Med. Found, Inc. 2003-ohio-6652 10th District. 2-11-2003. HN.3. Pg No. 13

Merits. In State vs. J.RO. Sharp 5th district, 2009-ohio-1854. 115. Pg No. 13

C.W. supra citing time Warner axs vs Pub. Util. comm, 75 -ohio st. 3d 229, 223, 1996-ohio-224. Pg No. 13

State of Tennessee appellate vs. William Therrell Seaglaves appellant 837. 2d. 615[2-12-1992]. HN. 4 Pg No. 14

Shelpy vs city of Memphis, 211 Tenn. 410, 411, 365. S.W. 291. 292. [1963]. Pg No. 14

Elliot Vs. Piersol, I pet. 328, 340, 26. U.S. 328, 340[1828] Pg No. 14

I

Pg No. II-VIII

Twining, Supra, Pg No. 31

Riddle v. Cella, 15 A. 2d 59, 128 N.J. Eq. 4 [1940]. Pg No.

Bixler v. Mineral Energy and Technology Corp., 596 F. 3d 751, 760 (10th Cir. 2010)(same). Pg No. 48

Swartz v. KPMG LLP, 476 F. 3d 756, 761 (9th Cir. 2007) Pg No. 48

Sedima, S.P.R.L.v. Imex Co., 473 U.S. 479, 493 (1985). Pg No. 48

Spool, 520 F. 3d 178 at 183. Pg No.

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). *Pg No. 11*
*Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986); Pg No. 11

*Long v. County of Los Angeles*, 1178, 1185 (9th Cir. 2006); *WMX Techs., Pg No. 11*

*Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (en banc);

*Ortez v. Washington County, Or.*, 88 F.3d 804, 810 (9th Cir. 1996). Pg No. 12

II

Pg No. ⅢⅠⅠ-ⅤⅠⅠⅠ

Monell v. New York City Dept of Social Services, 436 U.S. 658(1978). Pg No. 11

U.S. Supreme Court Scheuer v. Rhodes, 416 U.S. 232 (1974) No. 72-914 Decided April 17, (1974) Pg No. 12

Underwood vs Brown, 244. S.W. 2d. 168[Tenn. 1951]. Pg No. 15

Harris v. State. 82 A.2d 387, 387, 387, 389, 46 Del. 11 [1950] Pg No.15

Matter of Green, 313 S.E 2d 193, 195 [N.C. App. 1984] Pg No. 15

Honomich v. State, 333 N.W. 2d 797, 799 [S.D.1983] Pg No. 16

Kalb vs Feuerstein [1940] 308 U.S. 433, 60 S.CT. 343, 84 Led 370, Ex Parte Rowland [1982] 104 U.S. 604, 26.L.Ed. 861. Pg No. 16

Lubben vs. selective service system local bs, No, 453.F.2d 645 [1st Cir. 1972]. Pg No.16

In state vs J.RO.Sharp 5th district, 2009-ohio-1854.115. Pg No. 13



Pg No. IV-VIII

Douglas vs California [1963] 372 U.S. 353[1963] U.S. Supreme Court. Decided [3-18-1963]. Pg No. 21

Monroe v. Pape Pg No. 21

People vs. Wade, 506 N.W. 2d. 954[Ill.1987]. Pg No. 14

Griffin vs Illinois. Pg No. 21

Goesaert vs clearly, 335 U.S. 464 Pg No. 21

Schware v. Board of Examiners, 353 U.S. 23, 238 [1957] Pg No. 27

Owen v. City of independence, mo., 100 S. Ct. 1398 Pg No. 29

Hagans v. Lavine, 99 S.ct 1372, 78 n.5 [1973]. Pg No. 29

Zenith Radio Corp. V. Matsushita Electric indus. Co., 459 F. Supp. 1161[DC PA 1980]. Riddle v. Cella 15 A. 2d 59, 128 N.J. Eq. 4 [1940]. Pg No. 29

Myers v. Long Island Lighting Co., 623 F. Supp. 1076 [ D.C.N.Y. 1985]. Pg No. 30

Burch v. snider, 461 F. Supp. 598 [1978]. Pg No. 30

Babcock & Wilcox Co. v. Parsons Corp., 430 F. 2d 531 [1970]. Pg No. 30

Matter of Wilderman, 30 B.R. 133 [Bkrtcy ill. 1983]. Pg No. 30

In re: Tip-Pa-Hans Enterprises, Inc., Pg No. 30

IV

Pg No. V-VIII

U.S. v. Will, 449 U.S. 200, 216, 101 S.ct. 471, 66 L. Ed. 2d 392, 406[1980]; Pg No. 31, 41

Cohens v. Virginia, 19 U.S.[6 Wheat] 264, 404, 5 L. Ed 257 [1821]. Pg No. 31, 41, 43

Douglas vs California [1963] 372 U.S. 353[1963] U.S. Supreme Court Decided [3-18-1963]. Pg No. 21

42 U.S.C. 1983 Pg No. 11, 12

18 U.S.C. 1961 (1) Pg No. 48

18 U.S.C. 1964 (c). Pg No. 48

Section 1961 (1) Pg No. 46

Title 10 U.S.C section 502 Pg No. 50

18 U.S.C section 1 Pg No. 43

18 U.S.C. section 2382. Pg No. 41, 43

Illinois, 705 ILCS 205/4 Pg No. 49

705 ILCS 35/2 Pg No. 50

705 ILCS 205/4 Pg No. 38

10 U.S.C section 502 Pg No. 39

*V*

# Table of contents     Page No. VI-VIII

[1] Stating all claims Pg No 9-53

[2] Argument in support all claims Pg No 9-53

[3] Statement of the case and facts Pg No 1-4

[4] Memorandum to support all claims Pg No 5-8

[5] Claim 1: the 8th dist court of appeals errored when it Disregarded lack of Jurisdiction abinitio, lack of Jurisdiction over any subject matter abintio, lack of subject Matter Jurisdiction abinitio. Pg No 9-12

[6] Claim 2: The 8th dist court of appeals errored when it Denied Cortez Davis Affidavit for Ineffective asst. Appellate counsel for not filing appellant brief for the trial Court lacked Jurisdiction abinitio, the trial court lacked Jurisdiction over any subject matter abintio, the trial court Lacked subject matter Jurisdiction abinitio. Pg No 12-16

[7] Claim 3: Cortez Davis was denied right to appellate Counsels pursuant to 6th amendment and Ohio const Article I. sect. 10, when appellate counsels withdrew Without filing Cortez Davis brief. Pg No 17-41

[8] Claim 4: Northern dist court errored when it denied And Violated Treason Act 4th, 5th, 6th, Amendment Art. 6. Cl., Ohio Constitution Art. I Sect. 1, Ohio Constitution Art I Sect 10 Ohio constitution oath of office 3.23 Administrative code R.C. 124.34 Pg No 42-45

VI

Pg No. VII-VIII

[9] Claim 5: Northern dist court errored when it denied and Violated Cortez Davis Section 1961(1) of the Rico Act Statutes, 4th, 5th, 6th, amendments Art .6. Cl., Ohio Constitution Art. I. sect 1, Ohio constitution Art I Sect. 10 Ohio constitution. Art I. sect 14, U.S. constitution oath Of office 3.23 administrative code 124.34 Pg No 46-48

[10] Claim 6: Northern dist court errored when it violated Oath of office 4th, 5t, 6th, amendments Art. 6. Cl., Ohio Constitution Art. I. sect 14, U.S. constitution oath of office 3.23 administrative code R.C. 124.34 Pg No 49-51

[11] Claim 7: Northern dist court errored when it dismissed Cortez Davis 60(b)(6) complaint to vacate void judgment And void convictions for ineffective asst. and when it Disregarded lack of Jurisdiction abinitio, lack of Jurisdiction over any subject matter abintio, lack of subject Matter Jurisdiction abinitio. Pg No 52-53

[12] Stating all claims to support civil. R. 42. U.S.C. 1983 Civil Rights Complaint. Pg No 9-53

[13] Relief Sought for stating all claims Pg No 54

[14] Affidavit of Indigence Pg No 55

[15] Affidavit 42. U.S.C. 1983 Civil Rights Complaint Pg. 56

[16] Certificate of Service Pg No 57

[17] Table of Authorities Pg No I-VIII

[18] Exhibits A-Z and 1-9 Pg No 21-25

VII

## Constitutional Provisions                Page No VIII-VIII

Ohio Constitution Article I, sect 1 4,13,17, 19,26,42, 49

Ohio Constitution. Article. I sect. 10 4,17, 19,26,42,49

Ohio Constitution. Article. I. Sect. 14 4,6,8,13,26,42,49

4th Amendment, U.S. Constitution. 4,6,8,13,26,42,49

5th Amendment, U.S. Constitution. 4,13,19,26,42,49

6th Amendment, U.S. Constitution. 4,13,17,18,19,26,42,49

Article.6.Cl.2. U.S. Constitution. 4,26,32,42,49

## Statutes

R.C. 124,34 17,26,42,49

R.C.3.23 Oath of Office 22,26,42,49,38,4,46

42. U.S.C. 1983 Civil Rights 11,21,54,55,56,57

Common Law Rights 26,42,46,49

## Ohio Criminal Rules

3. 8,26

4[A][1] 8,26

