# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CORTEZ DAVIS,** | CASE NO. 1:18 CV 271 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **NORTHERN DISTRICT COURT OF OHIO,** *et al.*, | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff filed this civil rights action against the Northern District Court of Ohio, the Cleveland Police Department, the Cleveland Municipal Court County Jail, the Cuyahoga County Court of Common Pleas and the Ohio Eighth District Court of Appeals. In the Complaint, Plaintiff challenges the Appellate Court's dismissal of his direct appeal in his criminal case and this Court's dismissal of a civil rights he previously filed to challenge his conviction. He asserts that both the Ohio Court of Appeals and this Court lacked subject matter jurisdiction over the actions he brought. He seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (ECF #3). That Application is granted.

## I.  BACKGROUND

Plaintiff was arrested on July 4, 2016 and later indicted by the Cuyahoga County Grand

Jury on charges of Carrying a Concealed Weapon and Improperly Handling a Firearm in a Motor Vehicle. His case proceeded to a jury trial in January 2017. The jury found him guilty on both counts. He was sentenced to time served and agreed to forfeit the weapons and ammunition seized from him. The court also ordered the Cleveland Police to return his vehicle, but Plaintiff claims he has not received it.

Plaintiff appealed his conviction to the Ohio Eighth District Court of Appeals on February 16, 2017. The Court twice appointed counsel for him and twice allowed his counsel to withdraw. The Court declined to appoint a third attorney for Plaintiff but informed him of the date on which his assignments of error and brief were due. Plaintiff missed that deadline and the Court gave Plaintiff another opportunity to file the assignments of error and brief. When he missed that deadline, the Court dismissed his appeal on June 6, 2017. Plaintiff did not appeal that action.

Instead, Plaintiff filed a civil rights action in this Court claiming his state court conviction and the dismissal of his appeal should be vacated. That case, *Cortez v. Sessions*, No. 1:17 CV 1354 (N.D. Ohio Oct. 25, 2017)(Nugent, J.), was dismissed *sua sponte* on the grounds that the Court lacked subject matter jurisdiction to entertain challenges to state court judgments. Plaintiff did not appeal that decision.

Three months later, Plaintiff filed this action challenging the decisions of the Ohio Appellate Court and this United States District Court. He asserts that both Courts lacked subject matter jurisdiction to entertain the cases he brought. He seeks damages from the Courts as well as the Cleveland Police Department, the Cleveland Municipal Court County Jail and the Cuyahoga Court of Common Pleas, against whom he has not asserted claims.

## II. LAW AND ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151

F.3d 559, 561 (6th Cir. 1998).

As an initial matter, Plaintiff names the Cleveland Police Department, the Cleveland Municipal Court County Jail and the Court of Common Pleas as Defendants but does not assert any claims against them. Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff's claims concern decisions made by a United States District Court Judge to dismiss his civil rights case and the Ohio Eighth District Court of Appeals to dismiss his appeal. The Police Department, the County Jail and the Court of Common Pleas are not involved in those decisions. Plaintiff fails to state a claim upon which relief may be granted against them.

Plaintiff also fails to state a claim against the Courts. First, Plaintiff's claims are factually irrational. Plaintiff filed a civil rights case in this Court to challenge state court judgments. United States District Judge Donald C. Nugent dismissed the case *sua sponte* stating that this Court lacks subject matter jurisdiction to hear the case. Plaintiff apparently concurs with that assessment and filed this case acknowledging the lack of jurisdiction and seeking damages from the Court for his defective pleading. He similarly filed an appeal and now contends the Ohio Appellate Court lacked subject matter jurisdiction to hear it and should pay him damages. He has not cited to any legal authority that would entitle him to damages from either Court for his own actions.

Furthermore, to the extent the claims are asserted against the Courts as entities and not against the individual judge or judges rendering the decisions, the Defendants are immune. The

United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). While it has consented to suit in limited circumstances against individual government officers, it has not waived immunity for a *Bivens* action asserted against the United States or any of its agencies. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001); *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994). Similarly, the Ohio Eighth District Court of Appeals is entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010); *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

To the extent the claims are asserted against the individual judges who made those decisions, the Defendants are still immune from suit. Judges are absolutely immune from money damages in civil suits based on their decisions in cases. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a Judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the Court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority.

In this case, both Judge Nugent and the state Appellate Court judges are immune from damages. The actions of which Plaintiff complains were taken by judges while they were acting in that capacity. While Plaintiff's claims in this Court were not within this Court's subject matter jurisdiction, it is the Judge's actions and not the litigant's actions that determine whether immunity attaches. Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990), and may dismiss an action over which it determines it lacks jurisdiction at any time. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). The actions taken by Judge Nugent to dispose of a case improperly brought in this District Court are within his jurisdiction. Similarly, the state Appellate Judges dismissed Plaintiff's appeal because he did not file assignments of error or a brief. Administering appeals is within the subject matter jurisdiction of the Appellate Court.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF #3) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

        s/ Christopher A. Boyko
        CHRISTOPHER A. BOYKO
        UNITED STATES DISTRICT JUDGE

DATED: June 5, 2018

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.